EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2019 TSPR 44 |
| | |
| Carmen I. Chiqués Veláquez | 201 DPR ____ |

Número del Caso:  TS-8725

Fecha: 7 de marzo de 2019

Abogado de la parte promovida:

    Lcdo. Rafael Ocasio Rivera

Oficina del Procurador General:

    Lcdo. Isaías Sánchez Báez
    Procurador General

    Lcdo. Joseph Feldstein del Valle
    Subprocurador General

    Lcda. Lorena Cortés Rivera
    Subprocuradora General

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Comisionada Especial:

    Hon. Crisanta González Seda

Materia:  Conducta Profesional – La suspensión será efectiva el 13 de marzo de 2019. Fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Carmen I. Chiqués Velázquez | TS-8,725 |  |

*PER CURIAM*

En San Juan, Puerto Rico, a 7 de marzo de 2019.

En virtud del poder inherente de este Tribunal para reglamentar la práctica de la abogacía, nos corresponde atender la situación de una abogada que no está en condiciones para el ejercicio cabal y adecuado de las funciones propias de la profesión. La licenciada Carmen I. Chiqués Velázquez (licenciada Chiqués Velázquez o querellada) fue admitida al ejercicio de la abogacía el 26 de junio de 1987 y a la práctica de la notaría el 28 de diciembre de 1989. El proceso disciplinario de epígrafe surgió como consecuencia de dos (2) quejas presentadas contra la licenciada Chiqués Velázquez el 23 de abril de 2018.[1] A continuación, exponemos los antecedentes fácticos que dieron génesis a la querella de epígrafe.

I

El 23 de abril de 2018 se presentaron dos (2) quejas contra la licenciada Chiqués Velázquez. El licenciado Rafel Ocasio Rivera (licenciado Ocasio Rivera), abogado de la licenciada Chiqués Velázquez, envió correspondencia como parte del trámite de dichas

---

[1] Queja AB 2018-37 y Queja AB 2018-90.

quejas a la Subsecretaria del Tribunal Supremo de Puerto Rico, la licenciada Sonnya Isabel Ramos Zeno. Expuso, entre otras cosas, que la licenciada Chiqués Velázquez no estaba en condiciones para atender las quejas presentadas ni para trabajar en su práctica legal privada.

El 29 de mayo de 2018 este foro emitió una *Resolución* en la cual designó como Comisionada Especial a la licenciada Crisanta González Seda (Comisionada Especial), conforme la Regla 15(f) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, para recibir prueba sobre la capacidad mental o emocional de la licenciada Chiqués Velázquez. Luego de varios trámites procesales, según establece la Regla 15(c) de nuestro Reglamento, *supra*, la Oficina del Procurador General nombró al Dr. Raúl E. López y la Comisionada Especial designó como peritos al Dr. José A Franceschini Carlo y a la Dra. Cinthia Casanova Pelosi.[2] De los informes presentados por los tres (3) médicos psiquiatras surge que **todos concluyeron que la licenciada Chiqués Velázquez sufre de condiciones mentales o emocionales que le dificultan ejercer la profesión legal, así como cumplir con sus obligaciones y responsabilidades**.

Así las cosas, el 30 de agosto de 2018 la licenciada Chiqués Velázquez, por conducto de su representación legal, presentó una *Renuncia Voluntaria al Ejercicio de la Abogacía y de la Notaría Solicitud para que sea dada de baja del Registro de Abogados de Este Honorable Tribunal*. El 13 de septiembre de 2018 este Tribunal la declaró No Ha Lugar.

El 3 de octubre de 2018 la Comisionada Especial emitió una *Resolución y Orden* concediendo un término de diez (10) días a la

---

[2] La licenciada Chiqués Velázquez no designó a un perito conforme establece la Regla 15 (c), 4 LPRA Ap. XXI-B, por lo que la Comisionada Especial designó la misma a través de *Orden* emitida el 2 de julio de 2018.

licenciada Chiqués Velázquez para que se expresara sobre los informes presentados por los peritos. Transcurrido el término, ni la licenciada Chiqués Velázquez ni su representación legal se expresaron respecto a la *Orden* y a los informes presentados. Consecuentemente, el 15 de octubre de 2018 la Oficina del Procurador General presentó una Moción para expresar su posición sobre las conclusiones de los informes periciales. Arguyó que no tenía reparos con que la Comisionada Especial evaluara y emitiera las recomendaciones y determinaciones procedentes sin la necesidad de celebrar una vista. El 15 de noviembre de 2018 la Comisionada Especial presentó el *Informe de la Comisionada Especial* y recomendó la suspensión indefinida del ejercicio de la abogacía de la licenciada Chiqués Velázquez ya que está impedida de ejercer por motivo de su condición mental y/o emocional. Reseñado el trasfondo fáctico y procesal, exponemos la normativa aplicable al caso ante nos.

II

La Regla 15 del Reglamento del Tribunal Supremo, *supra*, fue creada con el propósito de establecer el procedimiento para separar indefinidamente a un abogado del ejercicio de la abogacía cuando no pueda desempeñarse de manera competente y adecuadamente por razón de una condición mental o emocional. *In re López Morales*, 184 D.P.R. 334, 347 (2012). Consecuentemente, en tales casos este Tribunal designará un Comisionado Especial para que reciba prueba sobre la incapacidad mental del abogado. Los Comisionados Especiales tienen la encomienda de investigar, recibir y evaluar la prueba, así como dirimir la credibilidad de cualquier prueba testifical presentada. *In re Morales Soto*, 134 DPR 1012 (1994).

Por otra parte, el inciso (c) de la Regla 15 del Reglamento del Tribunal Supremo, *supra*, establece un procedimiento especial para casos en los que surgen dudas sobre la capacidad mental de un querellado. En dicho procedimiento, se designan tres (3) peritos siquiatras para que examinen al abogado u abogada en cuestión. Los tres (3) peritos serán designados sucesivamente por (1) el Comisionado Especial, (2) el Procurador General y (3) el querellado. Estos tres (3) peritos evalúan al querellado, llegan a sus conclusiones y luego informan al Comisionado Especial quien, a su vez, notifica copia del informe al Procurador General y a la parte querellada.

Cuando las partes renuncian a la vista, el Comisionado Especial debe presentar su Informe al Tribunal dentro de los treinta (30) días siguientes a la presentación de los informes de los peritos. Debe incluir toda la prueba documental y los informes periciales. Regla 15(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. Dicho Informe es examinado por este Tribunal antes de determinar si procede o no la suspensión indefinida de la parte querellada que está mentalmente incapacitada. Conforme establecimos en *In re López Morales*, *supra*, la suspensión del letrado por este Tribunal, según establece la Regla 15 del Reglamento Tribunal Supremo, *supra*, no debe de ser considerada una sanción disciplinaria. Por el contrario, **debe ser vista como una medida de protección social.**

III

Ante la situación descrita anteriormente, nos corresponde ejercer nuestra facultad inherente de regular la profesión legal y velar porque sus miembros asuman una conducta profesional competente y adecuada.

Luego de haber revisado el *Informe* presentado por la Comisionada Especial y los tres (3) informes periciales nos corresponde, de acuerdo con la Regla 15 del Reglamento del Tribunal Supremo, supra, suspender a la licenciada Chiqués Velázquez indefinidamente de la abogacía como medida de protección social. Surge de los autos, que los tres (3) médicos psiquiatras determinaron que la condición mental actual de la licenciada Chiqués Velázquez le impide ejercer la práctica de la abogacía. Por otra parte, el Informe presentado por la Comisionada Especial expresa que las condiciones que le aquejan a la licenciada Chiqués Velázquez le impiden ejercer la profesión cabalmente.

IV

Por los fundamentos antes expuestos, acogemos la recomendación emitida por la Comisionada Especial. En consecuencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Carmen I. Chiqués Velázquez, hasta tanto pueda acreditar que se encuentra capacitada para ejercerla nuevamente.

Se le impone a la licenciada Chiqués Velázquez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá informar oportunamente su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en la que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contados a partir de la notificación de la presente Opinión "per curiam" y Sentencia.

De otra parte, se le concede un término de treinta (30) días

al Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías, para que someta un informe actualizado de la obra protocolar incautada de la licenciada Chiqués Velázquez y con la recomendación correspondiente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carmen I. Chiqués Velázquez

TS-8,725

SENTENCIA

En San Juan, Puerto Rico, a 7 de marzo de 2019.

Por los fundamentos antes expuestos, acogemos la recomendación emitida por la Comisionada Especial. En consecuencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Carmen I. Chiqués Velázquez, hasta tanto pueda acreditar que se encuentra capacitada para ejercerla nuevamente.

Se le impone a la licenciada Chiqués Velázquez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá informar oportunamente su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en la que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contados a partir de la notificación de la presente Opinión "per curiam" y Sentencia.

De otra parte, se le concede un término de treinta (30) días al Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías, para que someta un informe actualizado de la obra protocolar incautada de la licenciada Chiqués Velázquez y con la recomendación correspondiente.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo